1  Eileen Ahern (Bar No. 216822)
   eahern@willenken.com
2  Mayra de Aguiar (Bar No. 212709)
   mdeaguiar@willenken.com
3  Michelle K. Millard (Bar No. 298245)
   mmillard@willenken.com
4  WILLENKEN LLP
5  707 Wilshire Blvd., Suite 4100
   Los Angeles, California 90017
6  Telephone:  (213) 955-9240

7
   Dixie T. Wells (*pro hac vice*)
8  Dixie.Wells@elliswinters.com
   ELLIS & WINTERS LLP
9  P.O. Box 2752
   Greensboro, North Carolina 27402
10 Telephone: (336) 217-4193

11
   Attorneys for Defendants
12 EMPOWER BRANDS, LLC, TRISTAR PRODUCTS,
   INC., and TARGET CORPORATION
13

14                    UNITED STATES DISTRICT COURT

15                    EASTERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  RANDALL L. DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased; and JOLENE DOUGHERTY, | Case No.: 2:24-CV-03002-DAD-SCR |
| | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| Plaintiffs, | |
| v. | |
| TARGET CORPORATION; SPECTRUM BRANDS, INC.; SPECTRUM HOLDINGS, INC.; EMPOWER BRANDS, LLC; TRISTAR PRODUCTS, INC.; VIVITECH SOLUTIONS, INC.; HEARTLAND RECREATIONAL VEHICLES, LLC; and DOES ONE through FIFTY, inclusive, | Assigned to Hon. Dale A. Drozd |
| Defendants. | |

28

1    The parties agree that it may be necessary during discovery to disclose certain

2  confidential information relating to the subject matter of this action.  They agree that certain

3  categories of such information should be treated as confidential, protected from disclosure

4  outside this litigation, and used only for purposes of prosecuting or defending this action and

5  any appeals.  Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 141.1, the parties

6  stipulate to and jointly request entry of a protective order to limit the disclosure, dissemination,

7  and use of certain identified categories of confidential information.

8    In support of the parties' request, they assert that protection of the identified categories

9  of confidential information is necessary because discovery may include proprietary information

10  of the defendants regarding the subject recreational vehicle and the subject air fryer, including

11  but not limited to, design drawings, manufacturing information, pricing information, or other

12  information which the defendants treat as confidential and whose release to the general public

13  could cause competitive harm to the defendants.  Discovery may also include the medical

14  records and other personal information of the plaintiff's decedent to which release to the general

15  public could expose confidential medical information protected by HIPAA and other applicable

16  laws.

17    The parties further state that there is a particularized need for protection as to the

18  defendants' proprietary information because of the potential for competitive harm if disclosed to

19  the general public as well as for plaintiff's decedent's medical records because of the sensitive

20  nature of those documents such that a court order should address these documents rather than a

21  private agreement between the parties. Specifically, this action is likely to involve valuable

22  research, development, commercial, financial, technical and/or proprietary information for

23  which special protection from public disclosure and from use for any purpose other than

24  prosecution of this action is warranted. Such confidential and proprietary materials and

25  information consist of, among other things, confidential business or financial information,

26  information regarding confidential business practices, or other confidential research,

27  development, or commercial information (including information implicating privacy rights of

28

1

[PROPOSED] STIPULATED PROTECTIVE ORDER

1034154.1

1   third parties), information otherwise generally unavailable to the public, or which may be

2   privileged or otherwise protected from disclosure under state or federal statutes, court rules,

3   case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate

4   the prompt resolution of disputes over confidentiality of discovery materials, to adequately

5   protect information the parties are entitled to keep confidential, to ensure that the parties are

6   permitted reasonable necessary uses of such material in preparation for and in the conduct of

7   trial, to address their handling at the end of the litigation, and serve the ends of justice, a

8   protective order for such information is justified in this matter. It is the intent of the parties that

9   information will not be designated as confidential for tactical reasons and that nothing be so

10  designated without a good faith belief that it has been maintained in a confidential, non-public

11  manner, and there is good cause why it should not be part of the public record of this case.

12      For good cause shown under Rule 26(c) of the Federal Rules of Civil Procedure, the

13  court grants the parties' joint request and enters the following Protective Order:

14      **1.    Scope.**  All documents and materials produced in discovery, including initial

15  disclosures, discovery responses, deposition testimony and exhibits, and information derived

16  therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning

17  Confidential Information as set forth below.  As there is a presumption in favor of open and public

18  judicial proceedings in the federal courts, this Order will be strictly construed in favor of public

19  

20  disclosure and open proceedings wherever possible.

21      **2.    Definition of Confidential Information.**  As used in this Order, "Confidential

22  Information" is defined as information that the producing party designates in good faith has been

23  previously maintained in a confidential manner and should be protected from disclosure and use

24  outside the litigation because its disclosure and use are restricted by statute or could potentially

25  cause harm to the interests of the disclosing party or nonparties.  For purposes of this Order, the

26  parties will limit their designation of "Confidential Information" to the following categories of

27  

28  information or documents:

- Documents and information related to design and manufacturing drawings for the subject recreational vehicle and the subject air fryer, quality assurance and control processes, internal processes and procedures that defendants have taken appropriate efforts to maintain the confidentiality of and whose release to the general public could cause competitive harm, and other documents and information the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

- Plaintiff's decedent's medical records and other related personal health information that is protected from disclosure by HIPAA and other applicable law.

Information or documents that are available to the public may not be designated as Confidential Information.

**3.     Form and Timing of Designation.**  A producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1034154.1

1   required to be marked.  By marking a designated document as confidential, the designating

2   attorney or party appearing *pro se* certifies that the document contains Confidential Information.

3       **4.      Inadvertent Failure to Designate.** Inadvertent failure to designate any document

4   or material as containing Confidential Information will not constitute a waiver of an otherwise

5   valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is

6   asserted within 30 days after discovering the inadvertent failure.

7

8       **5.      Depositions.** Deposition testimony will be deemed confidential only if designated

9   as such when the deposition is taken or within a reasonable time after receipt of the deposition

10  transcript.  Such designation must be specific as to the portions of the transcript and/or any

11  exhibits to be protected.

12      **6.      Protection of Confidential Material.**

13

14      **(a)      General Protections.**  Designated Confidential Information must be used

15  or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

16      **(b)      Who May View Designated Confidential Information.**  Except with the

17  designating party's prior written consent or prior court order, Confidential Information may only

18  be disclosed to the following persons:

19      (1)      The parties, including their employees, agents, and representatives;

20      (2)      Counsel for the parties and their employees and agents;

21      (3)      The court and court personnel, including any special master
                 appointed by the court, and members of the jury;

22

23      (4)      Court reporters, recorders, and videographers engaged for deposi-
                 tions;

24

25      (5)      Any mediator appointed by the court or jointly selected by the
                 parties;

26

27

28

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1034154.1

(6)    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)    Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8)    The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)    Control of Documents.**    The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information.    Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the original(s) of Attachment A signed by those persons acknowledging their obligations under this Order.

**7.    Filing Confidential Information.**    A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission

[PROPOSED] STIPULATED PROTECTIVE ORDER

1034154.1

to file the document under seal by filing a Notice of Request to Seal Documents in accordance with E.D. Cal. L.R. 140 and 141. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the court's permission after proper notice. If the Court grants the request to seal and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

8.    **Challenging a Confidential Designation.**    Any party may challenge the designation of any material or document as Confidential Information. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention in the manner described by E.D. Cal. L.R. 251(b). A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

9.    **Using Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1034154.1

1    make such orders as are necessary to govern the use of such documents or information at the

2    hearing or trial.

3    **10.    Obligations on Conclusion of Litigation.**

4
5    **(a)    Order Remains in Effect.**  Unless otherwise agreed or ordered, all

6    provisions of this Order will remain in effect and continue to be binding after conclusion of the

7    litigation.

8    **(b)    Returning Confidential Documents.**  Within 60 days after this litigation

9    concludes by settlement, final judgment, or final order, including all appeals, all documents

10    designated as containing Confidential Information, including copies as defined above, must be

11    returned to the party who previously produced the document unless:  (1) the document has been

12    offered into evidence or filed without restriction as to disclosure; (2) the parties agree to

13    destruction of the document to the extent practicable in lieu of return; or (3) as to documents

14    bearing the notations, summations, or other mental impressions of the receiving party, that party

15    
16    elects to destroy the documents and certifies to the producing party that it has done so.

17    **(c)    Retaining Work Product.** Notwithstanding the above requirements to

18    return or destroy documents, counsel may retain attorney work product, including an index that

19    refers or relates to designated Confidential Information, so long as that work product does not

20    duplicate verbatim substantial portions of the text or images of designated documents.  This work

21    
22    product will continue to be confidential under this Order.  An attorney may use his or her own

23    work product in subsequent litigation provided that its use does not disclose Confidential

24    Information.

25    **11.    Modification.**  This Order may be modified by the court on its own motion or on

26    motion of any party or any other person with standing concerning the subject matter.  The Order

27
28

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1034154.1

must not, however, be modified until the parties have been given notice and an opportunity to be

heard on the proposed modification.

**12.    Enforcement.**  Even after the final disposition of this case, a party or any other

person with standing concerning the subject matter may file a motion to seek leave to reopen the

case for the limited purpose of enforcing or modifying the provisions of this Order.

**13.    No Prior Judicial Determination.**  This Order is entered based on the parties'

representations and agreements for the purpose of facilitating discovery.  Nothing in this Order

will be construed or presented as a judicial determination that any document or material

designated as Confidential Information by counsel or the parties is entitled to protection under

Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or

issue.

**14.    Persons Bound.**  This Order will take effect when entered and is binding upon all

counsel of record and their law firms, the parties, and persons made subject to this Order by its

terms.

**15.    Applicability to Parties Later Joined.**  If additional persons or entities become

parties to this lawsuit, they must not be given access to any Confidential Information until they

execute and file a signed copy of Attachment A, thereby providing their written agreement to be

bound by the provisions of this Order.

**16.    Protections Extended to Third-Party's Confidential Information.** The parties

agree to extend the provisions of this Protective Order to Confidential Information produced in

this case by third parties, if timely requested by the third party.

**17.    Disclosure of Confidential Information Covered by Attorney-Client Privilege**

**or Work Product.**  Whether inadvertent or otherwise, the disclosure or production of any

information or document that is subject to an objection based on attorney-client privilege or

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1034154.1

work-product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 30 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of this Order. Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e) and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order limits a party's right to review of documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

Respectfully submitted,

Dated:  July 2, 2025                    WILLENKEN LLP


                                        By: */s/ Eileen Ahern*
                                            Eileen Ahern
                                            Attorneys for Defendants
                                            EMPOWER BRANDS, LLC, TRISTAR
                                            PRODUCTS, INC., and TARGET CORPORATION


Dated:  July 2, 2025                    McCOY LEAVITT LASKEY LLC


                                        By: */s/ Jared B. Giroux*
                                            Jared B. Giroux
                                            Patrick W. Berry
                                            Attorneys for Defendant
                                            HEARTLAND RECREATIONAL VEHICLES, LLC

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

1034154.1

1

2    Dated:  July 2, 2025                    MCCUNE LAW GROUP

3

4                                            By: /s/ Todd A. Walburg
                                                 Todd A. Walburg
5                                                Scott B. Baez
                                                 Attorneys for Plaintiffs RANDALL L.
6                                                DOUGHERTY, SR., Individually and on Behalf
                                                 of the Estate of Randall B. Dougherty, Jr.,
7                                                Deceased; and JOLENE DOUGHERTY

8

9

10

11        **IT IS SO ORDERED.**

12

13        Dated:  July 21, 2025

14

15

16                                           SEAN C. RIORDAN
                                             UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

                                    10
                    [PROPOSED] STIPULATED PROTECTIVE ORDER

1

2

3

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

4

5

6

7

8

9

10

11

12

13

14

15

16

The undersigned hereby acknowledges that he/she/they has read the Protective Order attached hereto and dated _____ in the case captioned <u>Randall Dougherty, Sr. v. Target Corporation, et al.</u>, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of California in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

17

18

19

20

Name: _____

Job Title: _____

Employer: _____

21

22

23

24

25

26

27

28

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

1034154.1